UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO DRAINE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:20CV611 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

### Background

**Factual Background**

The factual background is set forth in the Government's Response to the Motion to Vacate.

**Procedural Background**

On August 1, 2016, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Draine*, No. 4:16-CR-141-HEA (E.D. Mo. Mar. 30, 2016). On June 12, 2017, the Court sentenced movant to a term of 72 months' imprisonment and three years of supervised release. Movant did not appeal.

### Claims for Relief

1

Movant initiated this suit by filing a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, dated and placed into the prison mailing system on April 30, 2020.[1] Movant asserts two grounds for relief in his motion: (1) "Structural error occurred in the proceedings for failure to give notice of, prove or admit to all essential elements in violation of the Fifth Amendment and Sixth Amendment" and (2) "Failure to provide notice of essential element deprived Draine of opportunity or ability to prepare and present a defense to offense in violation of the Sixth Amendment."  Movant requests that the Court vacate his sentence and conviction, nullify his plea agreement, and place him in pretrial status with bail.

As to the timeliness of his motion, movant argues that these grounds for relief were unavailable to him before the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  According to movant, *Rehaif* was "the Supreme Court's announcement of a new, retroactive statutory rule applicable on collateral review."  Because *Rehaif* was not issued until June 2019, and this motion was filed within one-year of that issuance, movant argues that this motion is timely filed.

**Legal Standard**

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion to vacate is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

2

to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

3

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Movant claims that structural error occurred in the proceedings for failure to give notice of, prove or admit to all essential elements in violation of the Fifth and Sixth Amendments. (Ground One). He also claims there was a failure to provide notice of essential element deprived him of the opportunity or ability to prepare and present a defense to offense in violation of the Sixth Amendment. Movant's arguments are made presumably in light of *Rehaif v. United States*, ___ U.S.___, 139 S.Ct. 2191 (2019). Movant's *Rehaif* claims are procedurally defaulted because he did not raise these issues on direct appeal. See *Bousley v. United States*, 523

4

U.S. 614, 621 (1998) (explaining that a claim that a plea was involuntary and unknowing is procedurally defaulted on collateral review if the issue was not first raised on direct appeal). A procedural default may, however, be excused if the defendant can demonstrate cause excusing his procedural default and actual prejudice. *Id.* at 622. This claim was not "reasonably available" to Movant at that time. See *Reed v. Ross*, 468 U.S. 1, 16–17 (1984) (explaining that a claim may not be reasonably available when it contradicts "a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved"); *Rehaif*, 139 S. Ct. at 2209, 2209 n.6 (Alito, J., dissenting) (explaining how the Court's decision in *Rehaif* overturned precedent from every single Court of Appeals to have addressed the issue, which included all but the Second and Sixth Circuit Courts of Appeals). Movant must still, however, establish actual prejudice.

In *Rehaif*, the Supreme Court held that, in order to be convicted under 18 U.S.C. § 922(g), the government "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In the case of Movant's felon in possession charge, this means the government had to prove that he knew at the time he possessed the firearm that he "has been convicted in any

court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); see also *United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020). This "knowledge can be inferred from circumstantial evidence." *Rehaif,* 139 S. Ct. at 2198.

Regarding this knowledge, the plea agreement states that and during the plea colloquy, Movant admitted that he had been convicted of a felony which was punishable by imprisonment for a term exceeding one year.

To establish that this error caused him actual prejudice, Movant must show that an error worked to his "actual and substantial disadvantage...." *United States v. Frady*, 456 U.S. 152, 171 (1982).

In *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), the Fourth Circuit Court of Appeals analyzed a plea proceeding similar to Movant's and held that the court erred in accepting the defendant's plea because he was not informed that the government had to prove he knew of his felon status at the time he possessed the weapon. 954 F.3d at 202. The court further held that this error was structural, and therefore per se prejudicial, because it violated the defendant's Fifth Amendment right to due process and his Sixth Amendment right to autonomy in making decisions about his defense. *Id.* at 205–06.

6

The Eighth Circuit rejected the contention that such a violation of a defendant's Fifth Amendment right to due process is a structural error in *United States v. Coleman*   961 F.3d 1024,1030–31 (8th Cir. 2020). Admittedly, the Eighth Circuit did not specifically address whether a plea proceeding's violation of a defendant's Sixth Amendment right is structural error, but the court nevertheless finds that *Coleman* is controlling here. Although it did not discuss a defendant's Sixth Amendment right to autonomy over his defense, the court in *Coleman* noted that the "Supreme Court has found structural error only in a very limited number of cases." 961 F.3d at 1029 (internal quotation omitted). The court went on to discuss how the Supreme Court has never "identified a constitutionally invalid guilty plea as structural error." *Id*. Of the circuit courts of appeals to have addressed the issue, only the Fourth Circuit, in *Gary*, has held that such constitutional violations constitute structural error. *Id*. at 1029 n.3. The Fifth, Sixth, and Tenth Circuits have all determined that such constitutional errors in plea proceedings are not structural. *Id*. Given the Eighth Circuit's holding in *Coleman*, that constitutionally invalid guilty pleas do not amount to structural error, the court determines that Movant has not established structural error that is per se prejudicial here.

Nor has Movant established prejudice under the traditional analysis, because he has not shown that the error in his plea proceeding worked to his "actual and

7

substantial disadvantage," such that he can demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *Coleman*, 961 F.3d at 1030 (internal quotation omitted). This is because Movant's knowledge of his felon status may be inferred from the fact that, prior to possessing the weapon underlying the instant conviction, movant was convicted of three separate state felony offenses. Movant had spent nearly two years in prison based on his previous felony convictions. See *Rehaif*, 139 S. Ct. at 2198. Indeed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a guilty plea affected his substantial rights." *Caudle*, 968 F.3d at 922 (quoting *United States v. Williams*, 946 F. 3d 968, 974 (7th Cir. 2020)). Because Movant cannot show that the *Rehaif* error in his plea proceeding prejudiced him, his claim is procedurally defaulted and relief under § 2255 must be denied.

Movant cannot establish actual innocence. Movant's claim that he was unaware that he had been convicted of a felony punishable by imprisonment for over one year is contradicted by the evidence in the record. Movant admitted under oath during the plea colloquy that he had been previously convicted of a

8

crime punishable by imprisonment for a term exceeding one year prior to knowingly possessing a firearm.

## CONCLUSION

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence, is **DENIED**.

10

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 25th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE